**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CARL DUDLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **CIVIL NO.   04-883-GPM** |
| | ) |
| **ROD BLAGOJEVICH, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and, thus, subject to summary dismissal.

## ACCESS TO COURTS

Plaintiff alleges that, in September 2004, he was sent a package of forms from the federal court in the Central District of Illinois.  Contained in that package, among other things, were several USM-285 forms, which contained carbon paper.  Because carbon paper was deemed contraband by the Illinois Department of Corrections, Defendants Miller, Guerettaz, and Adams would not allow him to have any of the forms.  Instead, Plaintiff was allowed to see the contents, it was explained to him why he could not have the forms, and the forms apparently were returned to the Central District.  Plaintiff claims that their refusal to let him have any of the forms was a violation of his right of access to the courts.

Prisoners have a fundamental right of meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817 (1977), and the Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts.  *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992).  First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Jenkins*, 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992);

*Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987).  That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation.  It does not mean that any delay is a detriment.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 113 S. Ct. 1002 (1993).  Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.  *Kincaid,* 969 F.2d at 603.

In this case, Plaintiff makes no allegations that he suffered any prejudice to any specific litigation due to this one incident.  Although Defendants' refusal to allow him to have any of the forms, even those without carbon paper, may have been overreaching, the Court cannot find that Plaintiff suffered any constitutional violation by Defendants' actions in this incident.  Accordingly, Plaintiff's claims against Miller, Guerettaz, and Adams are **DISMISSED** from this action with prejudice.

### MEDICAL CARE

Plaintiff states that he suffers from a degenerative disc disease, but Defendants Hamby and Issacs have provided him with "inadequate health care" for this condition.  He further alleges that he was assigned to a job he was physically unable to perform, yet Defendants Cooksey, Held, and Butler did not assign him to a more compatible job.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle*, 429 U.S. at 106.  *See also*

*Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996),

*cert. denied*, 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements.  The first one is an objective standard:  "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer*, 511 U.S. at ----, 114 S. Ct. at 1977.  As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities."  *Id.*  The second requirement is a subjective one:  "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference."  *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters*, 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997).

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm.  The Circuit also recognizes that a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied*, 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough

proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).

In this case, allegations of "inadequate health care" are insufficient to state a claim under the Eighth Amendment. The same conclusion is reached with Plaintiff's claim regarding his job assignment. At best, Plaintiff may have a claim of negligence, but "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

Accordingly, Plaintiff's claims against Hamby, Issacs, Cooksey, Held, and Butler regarding his medical care and job assignment are **DISMISSED** from this action with prejudice.

## GOOD CONDUCT CREDIT

Due to his inability to perform his job assignment as ordered, Plaintiff states that Defendants Butler and Coleman placed him in segregation and revoked over eight months of good conduct credit. He believes that this treatment was unfair, and he seeks restoration of that credit.

The proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS

5/14-101 *et seq*., to consider the merits of Plaintiff's claim.  Plaintiff must exhaust his state court remedies before bringing his claims to federal court.

## GRIEVANCE PROCESS

In his additional claim (Doc. 7), Plaintiff complains about the inadequacy of the grievance procedure at Big Muddy River.  He presents a list of 33 different grievances he filed between April 2003 and January 2006, to which he received either no response or an inadequate response.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

Accordingly, Plaintiff has no constitutional claim regarding the handling of his grievances, and this claim is also **DISMISSED** from this action with prejudice.

## OTHER DEFENDANTS

Plaintiff's final statement in his complaint (Doc. 1) is that "[t]he Governor, Directors and Wardens control the I.D.O.C., Big Muddy River Correctional Center in this particular case; thus they are also responsible for all they allow to occur to inmates in their institutions."  However, "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (*quoting  Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.

1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

Plaintiff makes no allegations that Defendants Blagojevich, Walker, Grawve, Holmes, Jones, Wilkerson, or Lambert had any involvement in the decisions regarding his legal forms, medical care, or good conduct credit; accordingly, they are **DISMISSED** from this action with prejudice.

Plaintiff mentions Gail Broshears in the complaint regarding his medical care, but he has not listed her as a defendant; consequently, the Court does not consider Broshears to be a defendant in this action.   Plaintiff lists Mike Sanders and Dr. Fienerman as defendants, but he makes no allegations against either of these individuals.   Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.   *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").   Therefore, Sanders and Fienerman are also **DISMISSE**D from this action with prejudice.

## DISPOSITION

In summary, none of Plaintiff's claims survives review under § 1915A.   Accordingly, this action is **DISMISSED with prejudice**.   Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).   All pending motions are now **MOOT**.

**IT IS SO ORDERED.**

DATED:  07/18/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge